IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-49-BO

| | |
|---|---|
| ANTONIO DAVIS,<br>               Plaintiff,<br><br>v.<br><br>G. ALLEN EQUIPMENT CORPORATION<br>and WILLIAM LAWRENCE,<br>               Defendants. | ORDER |

This cause comes before the Court on defendants' partial motion to dismiss. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

This case arises out of an accident involving two tractor trailers on NC 117S Bypass in Goldsboro, North Carolina on January 18, 2019. Plaintiff was the driver of a 2016 Peterbilt tractor-trailer which, at the time of the collision, was stationary and facing a generally southerly direction on the highway. Defendant Lawrence was driving a tractor trailer in a generally southerly direction on the same stretch of highway in the course and scope of his employment with defendant G. Allen Equipment Corporation. Defendant Lawrence failed to slow or stop his tractor trailer when the danger to plaintiff was imminent, and defendant G. Allen Equipment's tractor trailer collided with plaintiff's stationary vehicle.

Plaintiff filed this suit in Halifax County Superior Court complaining of negligence. Defendants removed the action to this Court on the basis of its diversity jurisdiction. Defendants filed the instant partial motion to dismiss seeking to dismiss plaintiff's claims for punitive damage

and direct negligence against defendant G. Allen Equipment for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

Plaintiff has sufficiently stated a claim for direct negligence against defendant G. Allen Equipment. Under North Carolina law, a plaintiff proves negligent employment or retention when he can show:

> (1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in 'oversight and supervision,' ...; and (4) that the injury complained of resulted from the incompetency proved.

*Medlin v. Bass*, 327 N.C. 587, 590–91 (1990) (citation and emphasis omitted). Notice must be proven by demonstrating that, prior to the employee's employment, the employer had reason to know or actually knew of the employee's incompetency. *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 337 (4th Cir. 2009) (quoting *Barker v. Kimberly–Clark Corp.*, 136 N.C.App. 455, 524 S.E.2d 821, 827 (2000)).

2

Plaintiff has alleged that G. Allen Equipment knew or should have known of Lawrence's incompetency and that it did not take proper action in training or retraining Lawrence. At this stage of the proceeding, and drawing on the Court's judicial experience and common sense, plaintiff's allegations, while bare-boned, are sufficient at this stage to go forward.

North Carolina General Statute § 1D-15 provides that punitive damages may be awarded where a defendant is found to have engaged in fraud, malice, or willful and wanton conduct. N.C. Gen. Stat. § 1D-15(a)-(b). "A punitive damages claim is not technically an independent cause of action, but is instead dependent upon an award of compensatory damages on one of a plaintiff's other claims." *Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013); *see also Oestreicher v. Am. Nat. Stores, Inc.*, 290 N.C. 118, 134 (1976). Whether plaintiff can establish he is entitled to compensatory damages against defendants remains to be determined, and if, and only if he can, will a determination as to whether punitive damages be appropriate. Because the Court does not consider plaintiff's request for punitive damages to be a separate cause of action, dismissal is not warranted at this time.

## CONCLUSION

For the foregoing reasons, defendant's partial motion to dismiss [DE 13] is DENIED. Having demonstrated that the document at [DE 18-1] contains private information and with the consent of defendants, plaintiff's motion to seal [DE 23] is GRANTED.

SO ORDERED, this __3__ day of August, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE