UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:20-cv-00049-BO

| | |
|---|---|
| ANTONIO DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT PROTECTIVE ORDER |
| v. ) | |
| ) | |
| G. ALLEN EQUIPMENT, ) | |
| CORPORATION and WILLIAM ) | |
| LAWRENCE. ) | |
| ) | |
| Defendants. ) | |

THIS MATTER comes before the Court jointly by Plaintiff Antonio Davis and Defendants G. Allen Equipment Corporation and William Lawrence, pursuant to Fed. R. Civ. P. 26(c), for entry of an order governing the disclosure of confidential and proprietary commercial information that may be sought during discovery.

It appearing to the Court that defendant G. Allen Equipment Corporation (hereinafter "G. Allen") possesses confidential and proprietary policies, procedures, and other documents, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally;

And it further appearing to the Court that all counsel of record consent to entry of this Protective Order, it is hereby ORDERED that:

1. All documents produced or information disclosed by G. Allen and designated as "confidential" by G. Allen shall be revealed only to the following persons: plaintiff, defendant, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, current and/or past employees of the defendant, witnesses (including consulting experts), such persons as are employed by counsel to act as experts in these actions, court reporters, the Court, mediators, and the members of the jury. The information considered to be "confidential" and disclosed only in accord with the terms of this paragraph shall include without limitation G. Allen's policies and procedures and other instructions, protocols, manuals, training documentation, employee personnel files and any other documents designated by G. Allen as "confidential" and produced subject to this Protective Order.

2. All counsel to whom G. Allen produces or discloses documents and information designated as "confidential" and subject to this Protective Order shall use such "confidential" documents and information solely for the purposes of preparation for and trial of this action and any appeals. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, the plaintiff, the defendant, current and/or past employees of the defendant, witnesses, such persons employed to act as experts in these actions, court reporters, the Court, mediators, and the members of the jury.

3. Prior to disclosure of any documents or information designated as "confidential" to paralegals or secretarial employees of counsel of record, the plaintiff, the defendant, current and/or past employees of the defendant, or witnesses, all counsel to whom G. Allen produces or discloses such "confidential" documents and information shall require such persons to read this Protective Order and agree to be bound by its terms.

4. All counsel to whom G. Allen produces or discloses documents and information designated as "confidential" and subject to this Protective Order may use such documents and information during discovery, trial and any appeals, including but not limited to the depositions of parties, witnesses, and/or experts. However, counsel agree not to provide a witness with copies of any document designated as "confidential" that the witness may retain. If counsel determines he/she must provide a witness with a copy of any document designated as "confidential" and that the witness must retain such document designated as "confidential," then, prior to providing the witness with a copy of any document designated as "confidential," counsel shall: (a) provide the witness with a copy of the Protective Order entered in this case; (b) have the witness sign Exhibit A to the Protective Order; and (c) retain a signed copy of Exhibit A in their file. Any witness provided with documents designated as "confidential" shall return such "confidential" documents to counsel at the conclusion of this case, or in the alternative, destroy such documents.

5. If any counsel to whom G. Allen produces or discloses documents and information designated as "confidential" determines that for purposes of this action,

said documents or information must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

    (a)    Counsel shall provide the expert with a copy of the Protective Order entered in this case;

    (b)    Counsel shall have the expert sign Exhibit A to the Protective Order and shall retain a signed copy of Exhibit A in their file. Any expert provided with documents designated as "confidential" shall return such "confidential" documents to counsel at the conclusion of this case, or in the alternative, destroy such documents.

6.    Designation of "confidential" material shall be made as follows:

    (a)    In the case of electronically produced documents, by including the word "confidential" as part of the file name and/or by writing, typing or stamping on the CD/DVD, flash drive or other medium containing the electronic documents, the word "confidential";

    (b)    In the case of other documents, by writing, typing or stamping on the face of such document the legend "confidential" (or in the case of an original, by notifying the reviewing part of the confidential nature of the document);

    (c)    In the case of deposition questions, either by (i) designating the question asked or the testimony given, at the time asked and/or given, as "confidential" (if the confidential portion of a transcript cannot be

conveniently segregated then the entire transcript or pleading shall be deemed confidential), or (ii) by giving notice in writing to the reporter and counsel of record for all parties within thirty (30) days after receipt of the transcript of the portions containing "confidential" information, in which event all counsel shall appropriately mark their copies of the transcript.

7. Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, shall be filed in a sealed envelope appropriately marked as confidential and subject to this Protective Order. The Clerks are directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

8. This Order is subject to revocation and modification upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

WE CONSENT:
Date: September 29, 2021.

/s/ James C. Thornton
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Cranfill Sumner LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
*Attorneys for Defendants*

/s/ Meredith S. Hinton
N.C. State Bar No. 34224
E-mail: mshinton@riccilawnc.com
Ricci Law Firm, P.A.
Post Office Box 483
Greenville, North Carolina 27835-0483
Telephone: (252) 752-7785
*Attorneys for Plaintiff Antonio Davis*

SO ORDERED, the __6__ day of October, 2021.

_____
TERRENC W. BOYLE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:20-cv-00049-BO

| | |
|---|---|
| ANTONIO DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| G. ALLEN EQUIPMENT, | ) |
| CORPORATION and WILLIAM | ) |
| LAWRENCE. | ) |
| | ) |
| Defendants. | ) |

The undersigned does hereby acknowledge receipt of "CONFIDENTIAL" information in connection with the civil action captioned, *Antonio Davis v. G. Allen Equipment Corporation and William Lawrence,* 4:20-cv-00049-BO, which is currently pending in the Eastern District of North Carolina.

The undersigned does further certify that he or she has received and reviewed a copy of the Protective Order which was signed in the above-referenced matter; that he or she has read and understands the provisions of that Protective Order; agrees to be bound by, and to comply with, the provisions of that Protective Order; and submits himself or herself to the jurisdiction of the Eastern District of North Carolina for the enforcement of that Protective Order.

This the _____ day of _____, 2021.

_____
(Signature)

Name:_____

(Printed or typewritten)

Sworn to and subscribed before me, this the ____ day of _____, 2021.

_____
Notary Public

My Commission Expires:_____