IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-49-BO

ANTONIO DAVIS,                      )
                Plaintiff,          )
                                    )
v.                                  )         O R D E R
                                    )
G. ALLEN EQUIPMENT CORPORATION )
and WILLIAM LAWRENCE,               )
                Defendants.         )


This cause comes before the Court on defendants' motion for partial summary judgment. Plaintiff has responded, defendants have replied, and a hearing on the matter was held before the undersigned on March 29, 2022, at Raleigh, North Carolina. In this posture, the matter is ripe for ruling and, for the reasons that follow, the motion is granted in part and denied in part.

BACKGROUND

This case arises out of an accident involving two tractor trailers on NC 117S Bypass in Goldsboro, North Carolina on January 18, 2019. Plaintiff was the driver of a 2016 Peterbilt tractor-trailer which, at the time of the collision, was stationary and facing a generally southerly direction on the highway. Plaintiff, who was driving in the center lane of traffic, had stopped at a traffic light but when the light turned green plaintiff's tractor stalled. Plaintiff was unable to move his tractor-trailer and activated his flashers and placed reflective triangles around his vehicle to alert other motorists that his tractor-trailer was stopped. The same morning, defendant Lawrence was driving a tractor-trailer in a generally southerly direction on the same stretch of highway in the course and scope of his employment with defendant G. Allen Equipment Corporation. As

Lawrence approached the intersection where plaintiff's tractor-trailer was stationary, Lawrence failed to stop or change lanes and collided with plaintiff's stationary vehicle. Plaintiff was in the cab of his trailer when he was struck by Lawrence and suffered serious injuries. Lawrence was also seriously injured.

Defendants move for summary judgment on three grounds: first, they argue that defendant G. Allen Equipment is entitled to summary judgment in its favor on plaintiff's claim for direct corporate negligence; second, that plaintiff cannot demonstrate he is entitled to punitive damages against either G. Allen Equipment or Lawrence; and third, that plaintiff cannot proceed on any claim for lost wages. Plaintiff has conceded he did not allege a claim for lost wages, and thus only the first two grounds are before the Court.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it

might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

*(1) Direct corporate negligence*

Defendant G. Allen Equipment has admitted that Lawrence was working within the course and scope of his employment at the time of the accident and thus that it would be vicariously liable for any negligence of Lawrence. Under North Carolina law, this "eliminates a cause of action for direct liability under theories including negligent supervision, negligent retention, negligent training, negligent hiring, or negligent entrustment as a matter of law." *Just. v. Greyhound Lines, Inc.*, No. 5:16-CV-132-FL, 2019 WL 267910, at *2 (E.D.N.C. Jan. 18, 2019); *see also Turner v. U.S.A. Logistics, Inc.*, No. 3:14-CV-289-DCK, 2016 WL 3607162, at *4 (W.D.N.C. July 1, 2016) (noting claims such as negligent hiring or negligent retention are alternatives to respondeat superior liability). Accordingly, defendant G. Allen Equipment is entitled to summary judgment in its favor on this claim.

*(2) Punitive damages*

North Carolina General Statute § 1D-15 provides that punitive damages may be awarded where a defendant is found to have engaged in fraud, malice, or willful and wanton conduct. N.C. Gen. Stat. § 1D-15(a)-(b). Punitive damages may not be awarded solely on the basis of vicarious liability. *Id.* § 1D-15(c). Punitive damages may, however, be awarded against a corporation if "the officers, directors, or managers . . . participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." *Id.* Willful or wanton conduct is defined by the statute as more than gross negligence, or "the conscious and intentional disregard of and

3

indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury". *Id.* § 1D-5(7). A plaintiff must prove willful or wanton conduct, fraud, or malice by clear and convincing evidence. *See George v. Greyhound Lines, Inc.*, 210 N.C. App. 388, 393 (2011).

Plaintiff's complaint seeks punitive damages from G. Allen Equipment only in regard to his claim that G. Allen Equipment is vicariously liable for Lawrence's conduct. *See* [DE 6-2] Compl. ¶¶ 27-34. The North Carolina punitive damages statute, however, prohibits recovery of punitive damages on the basis of vicarious liability. Moreover, while he has alleged that G. Allen Equipment negligently failed to train Lawrence, failed to supervise Lawrence to ensure safety and compliance with applicable rules, allowed Lawrence to operate the tractor-trailer while in violation of applicable federal regulations, and knew or should have known that Lawrence was unfit to operate the tractor-trailer, plaintiff has not specifically alleged that any officer, manager, or director of G. Allen Equipment participated in or condoned any aggravating factor which would support punitive damages. Finally, the complaint expressly seeks punitive damages "based [only] upon the willful and wanton conduct of Defendant Lawrence." *Id.* p. 9 ¶ 2. Accordingly, plaintiff cannot recover punitive damages as against G. Allen Equipment.

Defendants further argue that there is no evidence of willful or wanton conduct on the part of Lawrence. The Court disagrees and finds that, viewing the facts in the light most favorable to plaintiff, plaintiff has come forward with sufficient evidence to create a genuine issue of material fact for trial on the issue of punitive damages as against defendant Lawrence. Plaintiff relies on Lawrence's own testimony that, despite regulations which required him to include in driving time *all* time spent at the controls of his vehicle, Lawrence routinely and fraudulently logged himself as off duty while waiting in line at the pier or shipyard for his trailer to be loaded, despite the fact

4

that he was operating his vehicle during this time. Plaintiff has also proffered evidence of Lawrence's cell phone records which, combined with his own testimony that he routinely arrives at G. Allen Equipment's shop at 2:00 a.m. to load, would tend to show that Lawrence had approximately two hours of rest prior to this accident. Additionally, plaintiff's evidence would tend to show that Lawrence's electronic driver logs revealed repeated rule violations the day before the crash, at which point Lawrence had been on duty in excess of twenty-six hours. Plaintiff has further proffered evidence that more than 100 other vehicles, including other tractor-trailers, were able to successfully navigate around his stopped tractor-trailer, while defendant Lawrence, without appearing to attempt to avoid plaintiff's vehicle, drove into the back of plaintiff's stopped tractor-trailer with sufficient force to push it approximately fifty-two feet through the intersection.

Defendants correctly contend that several courts applying North Carolina law have found that "inadvertent driver error caused by falling asleep behind the wheel *by itself* does not support an award of punitive damages." *George v. Greyhound Lines, Inc.*, 210 N.C. App. 388, 397 (2011) (emphasis in original). However, in this case, a jury could conclude that fraudulent record-keeping and repeated rule violations on the day prior to the crash, combined with insufficient rest, amounted to a "conscious and intentional disregard of and indifference to the rights and safety of others" which Lawrence at a minimum should have known would be "reasonably likely to result in injury". N.C. Gen. Stat. § 1D-5(7). Accordingly, the Court will permit plaintiff to seek punitive damages from Lawrence at trial.

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment [DE 45] is GRANTED IN PART and DENIED IN PART. Defendant G. Allen Equipment is entitled to summary judgment in its favor on plaintiff's claim for direct corporate negligence and on

plaintiff's request for punitive damages. Plaintiff's request for punitive damages against Lawrence remains for trial.

The clerk is DIRECTED to refer this matter to the appropriate United States Magistrate Judge to conduct a pretrial conference.

SO ORDERED, this 15 day of April 2022.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE